*86 RUSHING, P.J., Concurring
I agree with the majority's opinion in all respects but one: As to defendant Vincent Pettie, I would hold that the prosecution failed to present sufficient evidence to support his conviction for attempted murder.
The victim never testified to a single act or word by Pettie that would have furthered or encouraged an attempted murder. The victim merely testified that he saw Pettie with the other men outside just before the attack. The prosecution's sole theory of liability for attempted murder by Pettie hinged on the expert's opinion that members of a gang are expected to participate in a "beat down." The majority concludes this opinion supports an inference by a reasonable juror that Pettie must have played some role in the attack sufficient to constitute attempted murder.
I respectfully disagree with this conclusion. I find the required inference far too tenuous and speculative as grounds to find Pettie guilty of attempted murder beyond *219 a reasonable doubt. I find it particularly weak given that the trial court ruled out any argument that the "beat down" portion of the assault could have formed the actus reus of the attempted murder. The jury must have found, as the prosecutor argued, that only the firing of the gun could have constituted the attempted murder. But Garcia was the only person identified as having a firearm at any point during the attack.
Accordingly, I respectfully concur in the judgment, but I would hold that double jeopardy bars Pettie's retrial for attempted murder.